BL

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Randal Fritsch, ) | No. CV 05-0960-PHX-DGC (DKD) |
| Plaintiff, ) | **ORDER TO SHOW CAUSE** |
| vs. ) | |
| State of Arizona, et al., ) | |
| Defendants. ) | |

Plaintiff, formerly confined in the Maricopa County Lower Buckeye Jail in Phoenix, Arizona, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. Because Plaintiff was a prisoner at the time he filed his Complaint, he became obligated to pay the $250.00 civil action filing fee. See Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002) (providing that "[u]nder the PLRA, all prisoners who file IFP civil actions must pay the full amount of the filing fee."); 28 U.S.C. § 1915(b)(1). Soon after filing his Complaint, Plaintiff submitted a change of address to a private residence. See Dkt. #7. Because Plaintiff has been released from jail, the $250.00 filing fee can no longer be collected from his inmate trust account. Accordingly, the $250.00 civil action filing fee is now due in full unless Plaintiff can show good cause why he should not be required to pay it immediately.

Plaintiff will be given thirty days in which he must either pay the $250.00 filing fee or respond to this Order in writing. Plaintiff's written response must include: (1) a statement of Plaintiff's date of release; and (2) Plaintiff's affirmation that he has paid or will pay the unpaid balance of the filing fee in full no later than 120 days from the date of his release or Plaintiff's affidavit under penalty of perjury demonstrating good cause why he is presently

**JDDL**

1 unable to pay the outstanding balance of the filing fee. See 28 U.S.C. § 1746 (the oath 2 requirement may be satisfied when a person declares under penalty of perjury that the 3 submission is true and correct, and signs and dates the statement). If Plaintiff chooses to 4 demonstrate good cause, he must describe his current financial condition in detail, including 5 his sources of income, whether he is employed, and any liabilities he may have.

6 Plaintiff should take notice that if he fails to timely comply with every provision of 7 this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 8 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258 (9th 9 Cir. 1992) (district court may dismiss action for failure to comply with any order of the 10 court).

11 **IT IS THEREFORE ORDERED that:**

12 (1) Plaintiff shall have **thirty (30) days** from the date this Order is filed to either pay 13 the $250.00 filing fee in full or to respond as described in this Order.

14 (2) The Clerk of Court is directed to enter a judgment of dismissal of this action 15 without prejudice and without further notice if Plaintiff fails to comply.

16 Dated this 14th day of October, 2005.

_David G. Campbell_
David G. Campbell
United States District Judge

JDDL

- 2 -